UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE CRUZ,

        Plaintiff,

v.

CHARLES WARREN, et al.,

        Defendants.

Civil Action
No. 21-14338 (CPO) (SAK)

OPINION

O'HEARN, United States District Judge:

Plaintiff is a county inmate, and he is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's § 1983 claims against the Cumberland County Jail, dismiss without prejudice his § 1983 claims against the remaining Defendants, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Additionally, the Court will deny Plaintiff's request to appoint counsel as moot.

I.    BACKGROUND[1]

This case arises from Plaintiff's medical treatment at the Cumberland County Jail. Plaintiff names former warden Charles Warren, medical director Evelyn Olson, and the Cumberland County Jail[2] as Defendants in this matter. (ECF No. 1, at 1, 4.) In March of 2021, staff started treating Plaintiff with methadone at the jail, presumably to treat opioid dependence. (*Id*. at 5.) Unidentified staff at the jail provided and continue to provide Plaintiff with 100 mg of methadone,

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

[2] Plaintiff identifies the Cumberland County Jail in the caption but does not address the jail in the body of the Complaint.

once per day. (*Id*.)  Plaintiff contends that staff continue to provide him with the same dosage, despite his requests for more methadone. (*Id*.)

According to Plaintiff, his "body craves more," and that methadone becomes less effective over time without increasing his dosage. (*Id*.)  Without more methadone, he experiences "pain and mental anguish," and goes "through withdrawal over and over again." (*Id*. at 4.)  He also contends that unspecified staff gave him the wrong dose on July 9, 2021. (*Id*. at 5–6.)  Plaintiff offers no further factual details and contends that Defendants Warren and Olson are liable because they had general responsibility over their subordinates.  (*Id*. at 6.)

On or about July 29, 2021, Plaintiff filed the instant Complaint, alleging that Defendants' actions constitute cruel and unusual punishment.  Plaintiff also requests the appointment of counsel. In terms of relief, Plaintiff does not specifically request anything, but the Court will construe the Complaint as requesting injunctive relief for additional methadone.  (ECF No. 1, at 6.)

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity," and in actions where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that

3

a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court will construe the Complaint as alleging a constitutional denial or delay of medical care. It is unclear whether Plaintiff was a pretrial detainee or a prisoner during the events of the Complaint. If Plaintiff was a pretrial detainee, the Due Process Clause of the Fourteenth Amendment governs his claim, and if he was a convicted and sentenced prisoner, the Eighth Amendment governs his claim. *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1 (3d Cir. 2017); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003). In any event, "the same standard applies." *Santiago v. Atl. Care Hosp. of New Jersey*, No. 11-7042, 2021 WL 5414893, at *2 (D.N.J. Nov. 17, 2021); *see also Natale*, 318 F.3d at 581 (noting that the Fourteenth Amendment affords pre-trial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment).

Under that standard, for the delay or denial of medical care to rise to a constitutional violation, a person must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

More specifically, courts have found deliberate indifference where a defendant: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197.

4

Courts give deference to prison medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Similarly, allegations of medical malpractice or negligent treatment do not rise to constitutional violations. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

A. **Supervisory Liability**

With the principles above in mind, Plaintiff appears to argue that unspecified employees violated the Eighth or Fourteenth Amendment by refusing to increase his methadone prescription. He does not, however, sue those employees. (*See* ECF No. 1.) Instead, Plaintiff seems to allege that Warden Warren and Director Olson are liable as the supervisors of the employees at issue. (*Id*. at 4–6.)

Generally, however, under § 1983, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").

Rather, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. Under the first method, supervisors may be liable if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*,

5

372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Generally, a policy involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690. A custom, although lacking the formal approval of a policy, refers to official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id*. at 691.

A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)) (finding that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory").

Under the second method, a supervisor "may be personally liable if he participated in violating [a plaintiff's] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *E.g.*, *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

In the present case, assuming *arguendo* that there were underlying constitutional violations, the Complaint fails to describe how Defendants Warren and Olson personally violated Plaintiff's rights. Plaintiff fails to allege that these Defendants created policies which left their subordinates with no discretion other than to apply such policies, which then produced the constitutional violations. For example, Plaintiff does not allege that the Defendants created a policy that set 100 mg of methadone as the maximum daily dose per inmate, regardless of that inmate's needs. (ECF No. 1, at 4–5.) As for Defendant Olson, Plaintiff does not appear to allege that she personally restricted, prescribed, or dispensed his dosage. (*Id*.) Instead, he appears to allege that unspecified

individuals were responsible for those actions. (*Id.*) Indeed, the Complaint contains no factual allegations as to the personal actions of Defendants Warren and Olson.

Rather, the Complaint simply concludes that these Defendants are somehow responsible. Such allegations, however, are legal conclusions, which are insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). Finally, to the extent Plaintiff contends that these Defendants are liable simply for being supervisors, the Court disagrees. Once again, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676.

Accordingly, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported merely by conclusory statements," *Id*. at 678, and dismiss without prejudice Plaintiff's § 1983 claims against Defendants Warren and Olson, for failure to state a claim.

### B. Claims Against the Jail

Next, it is unclear if Plaintiff seeks to sue the Cumberland County Jail separately from Defendants Warren and Olson, as he names the jail in the caption, but does not address the jail in the body of his Complaint. Assuming that he does intend to sue the jail, under § 1983, the Cumberland County Jail, like other county jails, is not a "person" amendable to suit under § 1983. *See, e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Accordingly, the Court will dismiss with prejudice Plaintiff's § 1983 claims against the Cumberland County Jail, for failure to state a claim.

Finally, as no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims, including any claims for negligence or medical malpractice. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

### IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's § 1983 claims against the Cumberland County Jail, dismiss without prejudice his § 1983 claims against Defendants Warren and Olson, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.

Dated: January 14, 2022

/s Christine P. O'Hearn
CHRISTINE P. O'HEARN
United States District Judge